1
2
3
4
5

BEN SUTER, CASB No. 107680
ben.suter@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile:  (415) 981-0136

6
7
8
9
10
11

PHILIP J. MACKEY (Pro Hac Vice Forthcoming)
pmackey@lewisrice.com
MICHAEL L. JENTE (Pro Hac Vice Forthcoming)
mjente@lewisrice.com
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-1343 (telephone)
(314) 612-1343 (facsimile)

12
13

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

14
15

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

16
17
18
19
20
21
22
23

| | |
|---|---|
| CAMERON PEREZ, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>             Defendant. | Case No. 3:24-CV-02268-AGS-DEB<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing date & time: August 1, 2025 at 10:00 A.M.<br><br>Hon. Andrew G. Schopler<br><br>Magistrate Judge Daniel E. Butcher |

24
25
26
27
28

-1-

**PLEASE TAKE NOTICE THAT** on August 1, 2025 at 10:00 A.M., or as soon thereafter as the matter may be heard, in the United States District Court for the Southern District of California, located at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California 92101, Courtroom 5C, before the Honorable Andrew G. Schopler, Defendant Build-A-Bear Workshop, Inc. will, and hereby does, move to dismiss the "First Amended Complaint – Class Action" (Dkt. 18) of Plaintiff Cameron Perez, individually and on behalf of all others similarly situated, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[1]

This Motion is based on this Notice of Motion and Motion and accompanying Memorandum of Points and Authorities, the pleadings, records, and papers on file in this action, and other such written and oral arguments as may be presented to the Court.

DATED: July 2, 2025                    _/s/ Ben Suter_
                                       Ben Suter
                                       **KEESAL, YOUNG & LOGAN**

                                       Philip J. Mackey
                                           (*pro hac vice forthcoming*)
                                       Michael L. Jente
                                           (*pro hac vice forthcoming*)
                                       **LEWIS RICE LLC**

                                       *Attorneys for Defendant*

---

[1] Defendant Build-A-Bear Workshop, Inc. understands that its Motion to Transfer (Dkt. 15) remains pending, and will be separately filing a Reply in Support of its Motion to Transfer. The dismissal sought in the instant Motion to Dismiss is being sought in the alternative to transfer.

-2-

1
2
3
4
5

BEN SUTER, CASB No. 107680
ben.suter@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile:  (415) 981-0136

6
7
8
9
10
11

PHILIP J. MACKEY (Pro Hac Vice Forthcoming)
pmackey@lewisrice.com
MICHAEL L. JENTE (Pro Hac Vice Forthcoming)
mjente@lewisrice.com
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-1343 (telephone)
(314) 612-1343 (facsimile)

12

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

13
14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23

| | |
|---|---|
| CAMERON PEREZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>        Defendant. | Case No. 3:24-CV-02268-AGS-DEB<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing date & time: August 1, 2025 at 10:00 A.M.<br><br>Hon. Andrew G. Schopler<br><br>Magistrate Judge Daniel E. Butcher |

24
25
26
27
28

-3-

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND    Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... 6

I.    INTRODUCTION .......................................................................... 9

II.   FACTUAL BACKGROUND ........................................................ 10

      A.    Plaintiff's Purchase ...................................................... 10

      B.    Plaintiff's Agreement to BABW's Terms and Conditions ........ 12

III.  ARGUMENT ................................................................................ 14

      A.    Standard of Review ....................................................... 14

      B.    Plaintiff's Claims Should Be Dismissed for Failure to State a Claim. ............................................................................. 14

            1.    Plaintiff Agreed to Missouri Choice of Law. ................. 14

            2.    Plaintiff's Fraud and Negligent Misrepresentation Claims Are Barred By the Economic Loss Doctrine. ................. 16

            3.    Plaintiff's Breach of Contract Claim Should Be Dismissed for Failure to Provide Pre-Suit Notice and Failure to Identify a Contractual Term That Was Breached. ...................................................................... 17

                  i.    Plaintiff Failed to Satisfy the Pre-Suit Notice Requirement. ............................................... 17

                  ii.   Plaintiff Failed to Allege a Specific Contractual Term Was Breached. .................................... 18

            4.    Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because Plaintiff Fails to Allege Facts Suggesting the Purported Contract At Issue Is Invalid or Unenforceable. .............................................................. 19

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND    Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5.    Each of Plaintiff's Common Law Claims Should Be Dismissed For Failure to Plead Which State Laws Govern the Claims ............................................................20

6.    Plaintiff's California Statutory Claims Should Be Dismissed Because Missouri Law Governs. .................20

7.    Plaintiff's Damages Claim Under the CLRA Should Be Dismissed for Failure to Provide Pre-Suit Notice. .........21

8.    Plaintiff's Injunctive Relief Claim Under the CLRA Should Be Dismissed for Lack of Standing. .................22

9.    Plaintiff's FAL and UCL Claims, Unjust Enrichment Claim, and Claim for Equitable Restitution under the CLRA Should Be Dismissed Because Plaintiff Fails to Plausibly Allege He Lacks An Adequate Legal Remedy. ........................................................................23

10.    Plaintiff's Claims Under the FAL, UCL, and CLRA Should Be Dismissed Because Plaintiff Failed to Allege BABW Did Not, In Fact, Offer the Products For Sale At the Reference Prices During the Relevant Time Period. 24

IV.    CONCLUSION ..................................................................27

CERTIFICATION OF MEET AND CONFER..........................................28

-5-

1

## TABLE OF AUTHORITIES

2

**Cases**

3  *Augustine v. Talking Rain Beverage Co*, 386 F. Supp. 3d 1317 (S.D. Cal.

4      2019).................................................................................................20

5  *Axelrod v. Lenovo (U.S.) Inc.*, 2022 WL 976971 (N.D. Cal. Mar. 31,

6      2022)................................................................................................23

7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007)........................................14

8  *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996

9      (9th Cir. 2010) ............................................................................14, 15

10  *Coffen v. Home Depot U.S.A., Inc.*, 2016 WL 4719273 (N.D. Cal. Sept. 9,

11      2016).................................................................................................18

12  *Crowder v. Shade Store, LLC*, 2024 WL 4868313 (N.D. Cal. 2024)....17, 19

13  *Dennis v. Ralph Lauren Corp.*, 2016 WL 7387356 (S.D. Cal. Dec. 20,

14      2016).................................................................................................27

15  *Dubinsky v. Mermart LLC*, 2009 WL 1011503 (E.D. Mo. Apr. 15, 2009).20

16  *Elizabeth M. Byrnes, Inc., v. Fountainhead Commer. Capital, LLC*, 2021

17      WL 3501518 (C.D. Cal. Aug. 6, 2021)................................................23

18  *Evans v. DSW, Inc.*, 2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) ...........18

19  *Fabas Consulting Int'l, Inc. v. Jet Midwest, Inc.*, 74 F. Supp. 3d 1026

20      (W.D. Mo. 2015) ..............................................................................17

21  *Fisher v. Eddie Bauer LLC*, 2019 WL 9467922 (S.D. Cal. Oct. 18,

22      2019)......................................................................................25, 26, 27

23  *Fisher v. Eddie Bauer LLC*, 2020 WL 4218228 (S.D. Cal. Feb. 3, 2020) ..25

24  *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d

25      983 (E.D. Cal. 2012........................................................................17

26  *Frenzel v. AliphCom*, 76 F. Supp. 3d 999 (N.D. Cal. 2014).................21, 22

27  *Futrell v. Lowe's*, 2022 WL 292961 (E.D. Mo. Feb. 1, 2022) ...................18

28

-6-

*Gardiner v. Walmart, Inc.*, 2021 WL 4992539 (N.D. Cal. July 28, 2021)..23

*Grundstrom v. Wilco Life Ins. Co.*, 2022 WL 2390992 (N.D. Cal. July 1, 2022)....................................................................................24

*Hadley v. Kellog Sales Co.*, 243 F. Supp. 3d 1074 (N.D. Cal. 2017)..........25

*Hennessey v. Gap, Inc.*, 86 F.4th 823 (8th Cir. 2023) ................................20

*Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010) .....................................19

*King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856 (N.D. Cal. 2019) ........20

*Lisner v. Sparc Grp.*, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) ..........27

*Medimatch, Inc. v. Lucent Techs. Inc.*, 120 F. Supp. 2d 842 (N.D. Cal. 2000)...................................................................................20

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008)..14

*Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, 2022 WL 17222233 (C.D. Cal. Aug. 12, 2022) ............................................................14

*Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135 (E.D. Cal. 2009) ....................................................16

*Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074 (N.D. Cal. 2022)...................................................................................22

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, (1992).............14, 15

*Ruszecki v. Nelson Bach USA Ltd.*, 2015 WL 6750980 (S.D. Cal. 2015)...22

*Sanchez v. Navy Fed. Credit Union*, 2023 WL 6370235 (C.D. Cal. Aug. 14, 2023)...................................................................................25

*Schumacher v. Amazon.com*, 2012 WL 13036856 (C.D. Cal. May 29, 2012)...................................................................................15

*Seegert v. Luxottica Retail N. Am., Inc.*, 2018 WL 1214888 (S.D. Cal. Feb. 23, 2018)...................................................................................27

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929 (S.D. Cal. 2021)....................................................................16

-7-

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ..............23

*Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017).........................27

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th
    Cir. 2011)..................................................................................25

*Vizcarra v. Michael's Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024).19

*Wash. Mut. Bank., FA v. Superior Court*, 24 Cal. 4th 906 (2001) ..............15

*Williams v. Tesla, Inc.*, 2021 WL 2531177 (N.D. Cal. June 21, 2021).......23

**Statutes**

Cal Civ. Code §§ 1750 ....................................................................11

Cal. Bus. & Prof. Code § 17200 .......................................................25

Cal. Bus. & Prof. Code § 17501 .......................................................24

Cal. Civ. Code § 1770(a)(5), (9) , (13) ..............................................25

Cal. Civ. Code § 1782(a) .................................................................21

Cal. Civ. Code § 1782(a)(1) .............................................................21

Cal. Com. Code § 2607(3)(A)...........................................................18

California Unfair Competition Law, Bus. Prof. Code §§ 17200 ................12

Mo. Rev. Stat. § 407.020.1 ..............................................................21

Mo. Rev. Stat. § 407.025.1 ..............................................................21

**Missouri Supreme Court Rules**

Fed. R. Civ. P. 9(b) .......................................................................25

## I.   **INTRODUCTION**

Plaintiff Cameron Perez ("Plaintiff") alleges that Defendant Build-A-Bear Workshop, Inc. ("BABW") defrauded him and others by selling products for a stated price. Specifically, he alleges that BABW includes "reference prices" in certain advertisements of on-sale products, which he contends is unlawful because the products are allegedly "rarely, if ever" offered for sale at the reference price. Plaintiff contends that he and others were tricked into purchasing products they otherwise would not have and paid a "premium price" (*i.e.*, the lower price, which is somehow a "premium price") in doing so.

Plaintiff's contentions are without merit. In the event this Court declines to transfer this action to the United States District Court for the Eastern District of Missouri, as requested in BABW's Motion to Transfer (Dkt. 15), the Court should dismiss this action with prejudice. Plaintiff has already once amended his Complaint, yet the revisions made in Plaintiff's First Amended Complaint do not and cannot cure the legal deficiencies therein.[2] (*Compare* Dkt. 1 *with* Dkt. 18.)

Plaintiff fails to state a claim either under Missouri law, under which he agreed to litigate his claims, or under California law. Plaintiff's fraud and negligent misrepresentation claims should be dismissed because they are barred by the economic loss doctrine. His breach of contract claim should be dismissed because he failed to satisfy the statutory pre-suit notice requirement, and because he does not identify any purported contractual term that was breached. Plaintiff's unjust enrichment claim should be dismissed because Plaintiff cannot assert a breach of contract claim and an unjust enrichment claim without alleging facts suggesting the purported contract is invalid or unenforceable.

---

[2] Because Plaintiff's First Amended Complaint is materially the same as his Complaint, BABW's instant Motion to Dismiss is materially the same as its prior Motion to Dismiss Plaintiff's Complaint (Dkt. 15).

-9-

1    Plaintiff's California statutory claims should likewise be dismissed.

2    Dispositive of them all, Missouri law applies to Plaintiff's claims. Beyond that,

3    Plaintiff's CLRA claim for damages should be dismissed because Plaintiff failed

4    to satisfy the CLRA's pre-suit notice requirement. Plaintiff's FAL and UCL

5    claims, his equitable claim under the CLRA, and his unjust enrichment claim

6    should be dismissed because Plaintiff does not and cannot allege that he lacks an

7    adequate remedy at law. Finally, Plaintiff's claims under the CLRA, FAL, and

8    UCL should be dismissed as Plaintiff failed to satisfy Rule 9(b) with respect to his

9    pre-suit investigation because Plaintiff failed to allege that BABW did not, in fact,

10   offer the products at issue for sale at the reference price during the relevant period.

11   Thus, in the event this action is not transferred to the United States District

12   Court for the Eastern District of Missouri, it should be dismissed with prejudice.

13   ## II.  FACTUAL BACKGROUND

14   ### A.  Plaintiff's Purchase

15   Plaintiff alleges that in June 2024, while on BABW's website, he viewed a

16   three-piece Los Angeles Kings uniform that displayed a "reference price of $18,"

17   and a sale price of $13.50, allegedly depicted as follows:



BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND    Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   (Dkt. 18, ¶¶ 52-54.) Plaintiff alleges that "[a]fter seeing the reference price of $18,"

2   he purchased the product for the sale price of $13.50 "because [he] believed he

3   was receiving a significant discount on the product." (*Id*., ¶¶ 54-55 & Ex. B

4   thereto.) After completing his purchase for the stated price of $13.50, Plaintiff

5   received the Los Angeles Kings uniform he ordered. (*Id*., ¶ 17.)

6       Plaintiff contends that he was "intentionally deceived" because the Los

7   Angeles Kings outfit is "rarely, if ever, offered . . . at the advertised 'regular'

8   reference price[]," and was not offered for sale by BABW at the reference price

9   "at any time in the 90 days" prior to his purchase. (*Id*., ¶ 56.) Plaintiff concludes

10  that the "actual value" of the Los Angeles Kings uniform he purchased "did not

11  match the inflated reference price Plaintiff was led to believe was the true value of

12  the uniform." (*Id*.)

13      From the foregoing, Plaintiff asserts claims on behalf of himself and a

14  putative nationwide class and "California subclass" consisting of individuals who,

15  within the limitations period, purchased at least one product from BABW that was

16  advertised as discounted using a reference price at which the product was not

17  offered for sale during the 90-day period preceding the purchase. (*Id*., ¶ 64.)

18  Plaintiff asserts eight claims against BABW based on the advertisement of the Los

19  Angeles Kings uniform and more than a dozen other products with allegedly

20  similar advertisements. (*Id*., ¶¶ 7-8, 44, 47-48, 79-187.)

21      Plaintiff asserts the following claims: (1) common law fraud; (2) negligent

22  misrepresentation; (3) breach of contract; (4) unjust enrichment; (5) violations of

23  the California Consumer Legal Remedies Act, Cal Civ. Code §§ 1750, *et seq.*

24  (CLRA); (6) violations of Section 17501, *et seq.*, of California's False Advertising

25  Law (Section 17501); (7) violations of Section 17500 , *et seq.*, of California's

26

27

28

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND    Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

False Advertising Law (Section 17500)[3]; and (8) violations of the California Unfair Competition Law, Bus. Prof. Code §§ 17200, *et seq.* (UCL) . (Dkt. 18, ¶¶ 79-187.)

**B.    Plaintiff's Agreement to BABW's Terms and Conditions**

As alleged by Plaintiff, he made his purchase online via BABW's website on June 11, 2024. (Dkt. 18, ¶¶ 52-55 & Ex. B thereto.) When a user first connects to BABW's website, a pop-up banner immediately displays:



(*See* Declaration of Arthur Huggard, ¶ 6.) Among other things, the pop-up states: "By agreeing to the use of cookies on our website, you . . . *agree to the* terms of the Privacy Policy and *Terms of use*[.]" (*Id.* (emphases added).) A user must navigate this pop-up banner by clicking "Accept" and thereby agreeing to the Terms of Use, or by clicking outside the pop-up banner and thereby accepting the terms of the pop-up banner and thus the Terms of Use, before proceeding to the rest of the website. (*Id.*, ¶ 7.) A link to BABW's Terms of Use is provided to users on the bottom of the page, as depicted below:

---

[3] As appropriate, Plaintiff's Section 17501 and Section 17500 claims are referred to as Plaintiff's "FAL" claims.

-12-



(*Id.*, ¶ 9.) If a user scrolls his or her computer mouse over the phrase "Terms of Use," which appears in standard, white font set against a blue background, a hyperlink appears:



(*Id.*, ¶ 10.) If a user clicks on that link, the visitor is taken directly to BABW's Terms of Use, which states in standard-sized font under a bold, large font "Governing Law and Jurisdiction" header:

**Governing Law and Jurisdiction**

Build-A-Bear operates the Website within the United States of America, and this Policy is governed by the laws of the United States of America and the State of Missouri, without giving effect to the conflict of law provisions thereof and expressly excluding any application of the United Nations Convention on Contracts for the International Sale of Goods. You agree that, except as expressly set forth in our Privacy Policy, any legal action arising from or relating in any way to the Website will be brought exclusively in the Federal or State courts located in St. Louis County, Missouri, and you irrevocably agree to submit to the jurisdiction of such courts.

(*Id.*, ¶ 11.) BABW's website required users to accept or otherwise navigate the pop-up as of June 11, 2024. (*Id.*, ¶ 13.) The hyperlink to the Terms of Use was

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND    Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

available as of June 11, 2024. (*Id.*, ¶ 14.) And the Governing Law and Jurisdiction provision above was included within the Terms of Use as of June 11, 2024, and has not changed since then. (*Id.*, ¶ 12.)

## III. <u>ARGUMENT</u>

### A.  **Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in a complaint." *Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, 2022 WL 17222233, at *1 (C.D. Cal. Aug. 12, 2022). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth sufficient factual allegations "to raise a right to relief above the speculative level." *Id.*

### B.  **Plaintiff's Claims Should Be Dismissed for Failure to State a Claim.**

#### 1.  **Plaintiff Agreed to Missouri Choice of Law.**

As discussed in BABW's Motion to Transfer, in making his purchase of the product at issue, Plaintiff agreed to BABW's Terms of Use, which states it is governed by Missouri law. (*See supra*, at II.B; Dkt. 15, at III.B.1.) A "federal court sitting in diversity applies the forum state's choice of law rules." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010). California has a "strong public policy favoring enforcement of [choice of law] provisions." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992).

California courts apply a three-step process to analyze choice of law provisions, beginning with "whether the chosen state has a substantial relationship to the parties or their transaction, . . . or whether there is any other reasonable basis for the parties' choice of law." *Id*. at 466. If either test is met, the court next determines "whether the chosen state's law is contrary to a *fundamental* policy of California." *Id*. If a conflict exists, a court must determine whether "California has a materially greater interest in the chosen state in the determination of the particular issue." *Id*. A court will only apply California law notwithstanding a choice of law clause "[i]f California possesses the materially greater interest." *Bridge Fund Capital Corp.*, 622 F.3d at 1003. The party seeking to enforce the choice of law provision has the burden of proving there is a substantial relationship or other reasonable basis for the parties' choice of law in the first instance. *Wash. Mut. Bank., FA v. Superior Court*, 24 Cal. 4th 906, 917 (2001). Once the defendant has met this burden, the provision "generally will be enforced unless the other side can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *Id*.

Here, BABW's principal place of business is in Missouri, so it has a "substantial relationship" to the state. *See Nedlloyd Lines*, 3 Cal. 4th at 467. Plaintiff thus must show that applying Missouri law violates some fundamental public policy *and* that California has a materially greater interest in class claims related to a Missouri company—a heavy lift in this nationwide putative class action. *Schumacher v. Amazon.com*, 2012 WL 13036856, at *5 (C.D. Cal. May 29, 2012) ("California has no interest in applying its law to residents of other states who purchased and used [products] in those other states."). Ultimately, Plaintiff's claims should be dismissed under both Missouri and California law.

1

2

### 2.    Plaintiff's Fraud and Negligent Misrepresentation Claims Are Barred By the Economic Loss Doctrine.

3

4

5

6

7

8

9

10

The economic loss doctrine bars tort claims where there is a contract between the parties, the alleged "misrepresentations at the center of plaintiffs' claim is the contract itself," and the damages sought are "the same economic losses arising from the alleged breach of contract." *Multifamily Captive Grp., LLC v. Assur. Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009). In other words, the doctrine "prohibits recovery of such purely economic losses where the alleged tort claim merely restates contractual obligations." *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 954 (S.D. Cal. 2021).

11

12

13

14

15

16

17

18

19

20

Plaintiff's fraud and negligent misrepresentation claims are effectively identical. Plaintiff alleges that BABW misrepresented that "the reference prices advertised were not truly former prices and that the 'discount' price advertised was not truly a discount." (Dkt. 18, ¶ 81; *see id.*, ¶¶ 87, 92-93, 101.) Both counts allege that as a result, Plaintiff and the putative class members were monetarily damaged because they either would not have purchased the products or because they overpaid for the products. (*Id.*, ¶¶ 86-87, 100-01.) Similarly, Plaintiff's breach of contract claim alleges that BABW breached the purported contract by failing to provide products "that had a market value equal to the reference price" and by "failing to provide the promised discount." (*Id.*, ¶ 109.)

21

22

23

24

25

26

27

Plaintiff's fraud and negligent misrepresentation claims are based on alleged misrepresentations that Plaintiff also alleges were contractual obligations of BABW. Plaintiff contends BABW intentionally and negligently misrepresented the amount of the discount offered on the products based on the price at which the products were offered for sale as compared to the former (reference) prices. This is the same as Plaintiff's breach of contract claim, the basis of which is that BABW agreed to sell the products with a "market value" equal to that listed on the

28

-16-

reference prices. Plaintiff alleges he and the putative class were damaged in the same manner with respect to all three claims: the difference between what they paid and the market value or prevailing market price of the products. (*Id*., ¶¶ 86-87, 100-01, 110 (seeking "benefit of the bargain" damages while claiming the "bargain" they sought was a "market value" equal to the reference price).)

Thus, Plaintiff's fraud and negligent misrepresentation claims are barred by the economic loss doctrine. *See Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 993-95 (E.D. Cal. 2012) (dismissing fraud and negligent misrepresentation claims on grounds they were barred by the economic loss doctrine where "the misrepresentation that forms the basis of the fraud claim is the contract itself"); *Crowder v. Shade Store, LLC*, 2024 WL 4868313, at *8 (N.D. Cal. 2024) (where plaintiffs alleged defendant's advertisements and price quotes created an illusion customers were receiving a limited-time discount despite the discount being perpetual, dismissing negligent misrepresentation claim on grounds it was barred by the economic loss doctrine); *Fabas Consulting Int'l, Inc. v. Jet Midwest, Inc.*, 74 F. Supp. 3d 1026, 1029 (W.D. Mo. 2015) (dismissing misrepresentation claim on grounds it was barred by the economic loss doctrine because claim was founded on the same allegations as plaintiff's breach of contract claim). These claims should thus be dismissed.

### 3. Plaintiff's Breach of Contract Claim Should Be Dismissed for Failure to Provide Pre-Suit Notice and Failure to Identify a Contractual Term That Was Breached.

#### i. *Plaintiff Failed to Satisfy the Pre-Suit Notice Requirement.*

Before bringing his breach of contract claim, Plaintiff was required to satisfy California's pre-suit notice requirement: "Where a tender has been accepted . . . The buyer must, within a reasonable time after he or she discovers or

-17-

should have discovered any breach, notify the seller of breach or be barred from any remedy[.]" Cal. Com. Code § 2607(3)(A). This provision applies to contract claims arising out of the sale of goods. *Evans v. DSW, Inc.*, 2017 WL 7058232, at *4 (C.D. Cal. Sept. 14, 2017). Plaintiff does not and cannot allege that he sent BABW pre-suit notice notifying BABW that it was in breach of a contractual obligation. Plaintiff only alleges that his pre-suit notice notified BABW of alleged *CLRA* violations. (Dkt. 18, ¶¶ 144-45.) No similar allegation is made with respect to his breach of contract claim. Accordingly, it must be dismissed. *See Evans*, 2017 WL 7058232, at *4-5 (dismissing breach of contract claims based on allegedly deceptive advertising practices because plaintiff failed to provide pre-suit notice; explaining that Plaintiff's pre-suit CLRA notice was insufficient because "absent from the CLRA letter are any facts, claims, or representations signaling Plaintiff's intent to bring breach of warranty or breach of contract claims").

### ii.   *Plaintiff Failed to Allege a Specific Contractual Term Was Breached.*

Plaintiff's breach of contract claim should be dismissed for the additional reason that Plaintiff failed to allege that a specific contractual term was breached. To adequately allege a breach of contract, a plaintiff must identify, among other things, "what specific terms of the contract were breached." *Coffen v. Home Depot U.S.A., Inc.*, 2016 WL 4719273, at *5 (N.D. Cal. Sept. 9, 2016); *see also Futrell v. Lowe's*, 2022 WL 292961, at *2 (E.D. Mo. Feb. 1, 2022) (dismissing contract claim where plaintiff "fail[ed] to specify which obligations Defendant breached").

Plaintiff's claim is that BABW breached the parties' contract by failing to sell the product at "a market value equal to the reference price displayed, and by failing to provide the promised discount." (Dkt. 18, ¶ 109.) But nowhere does Plaintiff allege that BABW made any promise to sell the products at "market value." Rather, Plaintiff merely alleges that BABW included a reference price on

-18-

its website, stated that Plaintiff and the putative class could purchase the products at a price discounted from the reference price, and Plaintiff and the putative class purchased the products at the discounted price. There is no breach of contract— no term was breached. *See Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010) ("By charging this agreed price in exchange for ownership of the clothing, Carter's gave the plaintiffs the benefit of their bargain."). As such, Plaintiff's breach of contract claim should be dismissed.

### 4. Plaintiff's Unjust Enrichment Claim Should Be Dismissed Because Plaintiff Fails to Allege Facts Suggesting the Purported Contract At Issue Is Invalid or Unenforceable.

A plaintiff "may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Crowder*, 2024 WL 4868313, at *9. Here, Plaintiff alleges that he and the putative class conferred a benefit on BABW by purchasing the products at their respective discounted prices, which Plaintiff contends was actually a "premium" (which Plaintiff does not explain), and BABW unjustly retained that price premium to Plaintiff's and the putative class's detriment. (Dkt. 18, ¶¶ 114-16.) Nowhere does Plaintiff allege that the contract—which forms the basis of his mimic breach of contract claim— is invalid or unenforceable. Accordingly, Plaintiff's unjust enrichment claim should be dismissed. *See Crowder*, 2024 WL 4868313, at *9 (dismissing unjust enrichment claim in discount misrepresentation case because plaintiffs failed to allege "that their contracts with Defendant are unenforceable or invalid" and did not "explain how the use of *price discounts* resulted in payment of a price *premium* to Defendant") (emphases in original) (internal quotations and citation omitted); *Vizcarra v. Michael's Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024) (dismissing unjust enrichment claim in discount misrepresentation case where

-19-

plaintiff failed to allege the contract was invalid or unenforceable and failed to explain how the use of a price discount resulted in her paying a price premium); *Dubinsky v. Mermart LLC*, 2009 WL 1011503, at *5-6 (E.D. Mo. Apr. 15, 2009) (dismissing unjust enrichment claim where plaintiffs failed "to allege that they conferred any benefit upon defendant apart from those benefits governed exclusively by the contracts"), *aff'd*, 595 F.3d 812 (8th Cir. 2010).

Further, under Missouri law, Plaintiff's unjust enrichment claim should be dismissed because he has not identified a loss from purchasing the product at the advertised price. *See Hennessey v. Gap, Inc.*, 86 F.4th 823, 830-31 (8th Cir. 2023).

### 5. Each of Plaintiff's Common Law Claims Should Be Dismissed For Failure to Plead Which State Laws Govern the Claims

In addition to the foregoing, each of Plaintiff's common law claims should be dismissed based on Plaintiff's "failure to identify which state laws govern [his] common law claims," meaning that "the claims brought on behalf of the nationwide class have not been adequately pled." *See, e.g.*, *Augustine v. Talking Rain Beverage Co*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (collecting cases).

### 6. Plaintiff's California Statutory Claims Should Be Dismissed Because Missouri Law Governs.

Because Plaintiff agreed to Missouri law, Plaintiff cannot allege California statutory claims unless the claims represent a fundamental policy of California. *See King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 866-67 (N.D. Cal. 2019). To avoid this result, Plaintiff would have to show that applying Missouri law would substantially diminish the rights of California residents and violate the state's public policy. *See Medimatch, Inc. v. Lucent Techs. Inc.*, 120 F. Supp. 2d 842, 862 (N.D. Cal. 2000) ("The mere fact that the chosen law provides greater or lesser protection than California law, or that in a particular application the chosen

-20-

1   law would not provide protection while California law would, are not reasons for

2   applying California law."). He cannot do so.

3       Like California, Missouri has consumer protection laws prohibiting false

4   advertising. *See* Mo. Rev. Stat. § 407.020.1. Missouri law provides for damages,

5   attorneys' fees, punitive damages, and equitable relief. Mo. Rev. Stat. § 407.025.1.

6   Thus, because Plaintiff cannot meet his burdens each of his California statutory

7   claims should be dismissed.

8       **7.    Plaintiff's Damages Claim Under the CLRA Should Be**

9           **Dismissed for Failure to Provide Pre-Suit Notice.**

10      At least 30 days before filing a lawsuit seeking damages under the CLRA,

11  a plaintiff must "[n]otify the [defendant] of the *particular* alleged violations" of

12  the CLRA. Cal. Civ. Code § 1782(a)(1) (emphasis added). This means "that a

13  plaintiff must provide notice regarding each particular product on which his CLRA

14  damages clai[m] [is] based, even where the products qualify as substantially

15  similar." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1016 (N.D. Cal. 2014).

16      In Plaintiff's pre-suit notice letter, he did not identify a single product he

17  believed had been unlawfully advertised. (*See* Ex. 1 to Request for Judicial

18  Notice.) Rather, he merely stated that he purchased an "outfit" and alleged that

19  BABW had engaged in deceptive practices with respect to "goods" it sold. (*See*

20  *id.*) Yet, his Complaint takes issue with eighteen specific products, none of which

21  was mentioned in his pre-suit notice. (Dkt. 18, ¶¶ 7, 44, 47.) And while Plaintiff's

22  First Amended Complaint now references two subsequent emails regarding one

23  particular product (*see id.*, ¶ 145), such emails do not satisfy the CLRA's pre-suit

24  notice requirement of written notice, "sent by certified mail or registered mail,

25  return receipt requested, to the place where the transaction occurred or to the

26  person's principal place of business within California," *see* Cal. Civ. Code

27  § 1782(a), nor do they relate to anything more than one product, *see Ruszecki v.*

28

-21-

1     *Nelson Bach USA Ltd.*, 2015 WL 6750980, at \*5 (S.D. Cal. 2015) ("Ninth Circuit

2     courts have held that the plaintiff must provide notice for each particular product

3     the plaintiff is seeking damages for under the CLRA, even when the products are

4     substantially similar.").  In short, Plaintiff's pre-suit notice fails to satisfy the rigid

5     pre-suit notice requirements under the CLRA. *See Frenzel*, 76 F. Supp. at 1016-

6     17; *Ruszecki v. Nelson Bach USA Ltd.*, 2015 WL 6750980, at \*6 (S.D. Cal. June

7     25, 2015). Accordingly, to the extent Plaintiff seeks damages under the CLRA,

8     this claim should be dismissed.

9             **8.**    **Plaintiff's Injunctive Relief Claim Under the CLRA**

10                **Should Be Dismissed for Lack of Standing.**

11        As to the balance of Plaintiff's CLRA claim—seeking injunctive relief—

12    this, too, should be dismissed because Plaintiff does not and cannot show any risk

13    of future injury for which injunctive relief is necessary.[4] For one, he does not

14    allege any "threatened injury" that is "certainly impeding." *Nacarino v. KSF*

15    *Acquisition Corp.*, 642 F. Supp. 3d 1074, 1079 (N.D. Cal. 2022) (citation omitted).

16    His bare allegation of "continu[ing] to be interested in purchasing products that

17    are sold by [BABW]," (Dkt. 18, ¶ 61), is a plainly inadequate "allegation[] of

18    <u>possible</u> future injury," which is "not sufficient." *Nacarino*, 642 F. Supp. 3d at

19    1079. Further, "going forward," Plaintiff is able to "evaluate product claims and

20    make appropriate purchasing decisions" as to whether or not to purchase products

21    from BABW for the prices at which they are offered for sale and, as such,

22    "injunctive relief would serve no meaningful purpose." *Id.* at 1080. To the extent

23

24        [4] As to this aspect of Plaintiff's CLRA claim, BABW's Motion to Dismiss

25    is brought under  Rule 12(b)(1) in that Plaintiff lacks standing to sue.  "To have

26    standing to seek injunctive relief, a plaintiff must demonstrate a real and

27    immediate threat of repeated injury in the future."  *Nacarino v. KSF Acquisition*
      *Corp.*, 642 F. Supp. 3d 1074, 1079 (N.D. Cal. 2022) (citation modified).

28

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND   Case No. 3:24-CV-02268-AGS-DEB
MOTION TO DISMISS FIRST AMENDED COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    the CLRA claim seeks injunctive relief, it should be dismissed.

2    **9.    Plaintiff's FAL and UCL Claims, Unjust Enrichment**

3    **Claim, and Claim for Equitable Restitution under the**

4    **CLRA Should Be Dismissed Because Plaintiff Fails to**

5    **Plausibly Allege He Lacks An Adequate Legal Remedy.**

6    In Counts VI through VIII, Plaintiff asserts violations of the FAL and UCL.

7    (*See* Dkt. 18, ¶¶ 147-87.) "It is well-established that claims for relief under the

8    FAL and UCL are limited to restitution and injunctive relief." *Axelrod v. Lenovo*

9    *(U.S.) Inc.*, 2022 WL 976971, at *2 (N.D. Cal. Mar. 31, 2022); *see also Elizabeth*

10    *M. Byrnes, Inc.*, *v. Fountainhead Commer. Capital, LLC*, 2021 WL 3501518, at

11    *3 (C.D. Cal. Aug. 6, 2021) ("Claims under both the UCL and FAL are equitable

12    in nature."). Plaintiff cannot pursue equitable claims unless he (at a minimum)

13    plausibly alleges he and the putative class lack an adequate remedy at law. *See*

14    *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

15    Courts have repeatedly confirmed that claims under the UCL and FAL,

16    equitable claims under the CLRA, and unjust enrichment claims, are unavailable

17    where a plaintiff fails to adequately allege he or she lacks an adequate remedy at

18    law. *See, e.g.*, *id.* (affirming dismissal of plaintiff's equitable restitution claims

19    under the UCL and CLRA because plaintiff failed to allege she lacked an adequate

20    legal remedy); *Axelrod*, 2022 WL 976971, at *2-3 (UCL and FAL claims);

21    *Elizabeth M. Byrnes, Inc.*, 2021 WL 3501518, at *3 (same); *Williams v. Tesla,*

22    *Inc.*, 2021 WL 2531177, at *7-8 (N.D. Cal. June 21, 2021) (equitable relief under

23    the CLRA, UCL, and FAL); *Gardiner v. Walmart, Inc.*, 2021 WL 4992539, at *7

24    (N.D. Cal. July 28, 2021) (unjust enrichment and UCL claims).

25    Plaintiff does not allege that he or the putative class lack an adequate remedy

26    at law. Instead, he repeatedly alleges the existence of an adequate legal remedy.

27    (*See* Dkt. 18, *e.g.*, ¶¶ 10 (plaintiff "is seeking . . . damages"); 60 ("Plaintiff was

28    

-23-

damaged"); 73; 110; 140; 146; PRAYER FOR RELIEF, sub. D.) And it does not matter that Plaintiff failed to satisfy the CLRA's pre-suit notice requirement with respect to the products at issue or that his breach of contract claim fails—the dispositive point is that Plaintiff has not plausibly alleged he and the putative class lack an adequate remedy at law. *See Grundstrom v. Wilco Life Ins. Co.*, 2022 WL 2390992, at *2 (N.D. Cal. July 1, 2022). Accordingly, Plaintiff's unjust enrichment, UCL, and FAL claims should be dismissed insofar as they seek equitable restitution, and Plaintiff's CLRA claim for equitable restitution should likewise be dismissed.

**10.    Plaintiff's Claims Under the FAL, UCL, and CLRA Should Be Dismissed Because Plaintiff Failed to Allege BABW Did Not, In Fact, Offer the Products For Sale At the Reference Prices During the Relevant Time Period.**

Section 17501 of the FAL states that "[n]o price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement[.]" Cal. Bus. & Prof. Code § 17501. Section 17500 of the FAL prohibits a party from making "untrue or misleading" statements in connection with the sale of goods or services. As relevant here, the CLRA prohibits a party from: (a) representing that goods have "characteristics" or "benefits" they do not have; (b) advertising goods "with the intent not to sell them as advertised"; and (c) "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code

§ 1770(a)(5), (9) , (13) . The UCL prohibits, as relevant, "unlawful . . . business act[s]" and "deceptive . . . advertising[.]" Cal. Bus. & Prof. Code § 17200.[5]

Federal Rule of Civil Procedure 9(b) applies where, as here, a plaintiff alleges that a defendant engaged "in a fraudulent pricing scheme in violation of the FAL, UCL and CLRA." *Fisher v. Eddie Bauer LLC*, 2019 WL 9467922, at *3 (S.D. Cal. Oct. 18, 2019) ("*Fisher I*"). Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). A plaintiff thus must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the fraudulent statement, and why it is false." *Fisher*, 2019 WL 9467922, at *3 (quoting *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)). Further, in a deceptive pricing case, Rule 9(b) "requires a plaintiff to conduct a pre-complaint investigation in sufficient depth to assume that the charge of fraud is responsible and supported." *Fisher v. Eddie Bauer LLC*, 2020 WL 4218228, at *3 (S.D. Cal. Feb. 3, 2020) ("*Fisher II*").

The gravamen of Plaintiff's CLRA, FAL, and UCL claims is that BABW engaged in deceptive and misleading practices by using false reference prices. (*See* Dkt. 18, *e.g.*, ¶ 130 (CLRA claim); ¶ 150 (FAL, Section 17501 claim); ¶ 162 (FAL, Section 17500 claim); ¶¶ 172-73 (UCL claim).) But the pre-suit investigation alleged by Plaintiff does not support such a broad claim: Plaintiff identifies only a

---

[5] Under the "unlawful" prong, a plaintiff must state a claim under a predicate law, such as the FAL or CLRA. *Hadley v. Kellog Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017). If a UCL claim under the "deceptive" prong is based on the same theory as a claim under the FAL, and the FAL claim fails, then the UCL claim under the "deceptive" prong fails as well. *See Sanchez v. Navy Fed. Credit Union*, 2023 WL 6370235, at *10 (C.D. Cal. Aug. 14, 2023). Plaintiff's claim under the "deceptive" prong mimics his claims under the FAL and CLRA, and thus fails. (Dkt. 18, *compare* ¶ 130 *with* ¶¶ 162, 173.)

-25-

sampling of products from BABW's *website* that he alleges remained on sale for an extended period of time. (*See id*. ¶¶ 7-8, 17, 44-56.) Specifically, Plaintiff's Complaint contains no allegations regarding advertisements and sales at the reference prices in BABW's brick-and-mortar retail stores. (*See id.*, *passim*.)

In this regard, *Fisher I* is instructive. There, the plaintiff alleged that the defendant "engaged in a 'fraudulent price scheme' by putting false reference prices on the price tags of 'almost all' of the merchandise at its outlet 'stores.'" 2019 WL 9467922, at *1. In support of his claims, the plaintiff attached to the complaint two photographs showing a "small 50 percent off sign above a rack of shirts, as well as a photograph of a $59.99 . . . price tag for one of the shirts." *Id*. The plaintiff alleged that his counsel had "cataloged the pricing practices" of the defendant at an outlet store "for several months" before the plaintiff made his purchases. *Id*. at *2. The plaintiff alleged that the merchandise was "never" sold "anywhere" at the reference prices on the price tags. *Id*. at *1. The Court dismissed the claim that the defendant engaged in a "fraudulent pricing scheme" with respect to "almost all" of the products sold at its outlet stores on grounds that the alleged pre-suit investigation was insufficient:

> Except for the single store from which he purchased the items, Fisher does not identify any of the Eddie Bauer 'stores' allegedly participating in the scheme. ***Nor does Fisher allege that he searched Eddie Bauer's website, other Eddie Bauer stores, Eddie Bauer paper catalogues, or any department store selling Eddie Bauer products***.

*Id*. at *5 (emphasis added).

Here, the extent of Plaintiff's pre-suit investigation is limited ***solely*** to BABW's website. (Dkt. 18, ¶¶ 7-8, 17, 44-56.) Plaintiff's failure to allege any facts regarding, for instance, the prices charged for the products in-store makes

this allegation, and Plaintiff's entire theory, merely conclusory.[6] *See Lisner v. Sparc Grp.*, 2021 WL 6284158, at *6 (C.D. Cal. Dec. 29, 2021) (dismissing deceptive pricing claims based on inadequate pre-suit investigation); *Fisher*, 2019 WL 9467922, at *5 (allegation that defendant's products were "never" sold "anywhere" at the reference prices were "conclusory allegations, not facts"); *Seegert v. Luxottica Retail N. Am., Inc.*, 2018 WL 1214888, at *4 (S.D. Cal. Feb. 23, 2018) ("Simply alleging that the statement, "40% Off Lenses With Frame Purchase," is deceptive because the lenses were never sold at list or regular price falls short of Plaintiff's pleading burden."); *Dennis v. Ralph Lauren Corp.*, 2016 WL 7387356, at *4 (S.D. Cal. Dec. 20, 2016) (dismissing FAL, CLRA, and UCL claims where the plaintiff "d[id] not allege that Ralph Lauren girl's polo shirt was unavailable at the $74.99 price at other locations offering Ralph Lauren products, such as the 'Polo retail stores[s], high-end department stores, and related online stores' identified in the FAC"); *see also Sperling v. DSWC, Inc.*, 699 F. App'x 654, 655 (9th Cir. 2017) (affirming dismissal of putative class claims alleging price tags were false and deceptive where complaint lacked allegations detailing pre-suit investigation).

## IV.  CONCLUSION

For the foregoing reasons, in the event this matter is not first transferred to the Eastern District of Missouri, it should be dismissed in its entirety, with prejudice.

---

[6] This infirmity is particularly acute with respect to Plaintiff's Section 17501 claim, which requires him to plausibly allege that the reference prices were not the ***prevailing market prices*** within the three months preceding the purchases.

1

## CERTIFICATION OF MEET AND CONFER

2    Pursuant to Rule No. 5 of Judge Andrew G. Schopler's Civil Chambers

3   Rules, the undersigned hereby certifies that counsel met and conferred over the

4   issues raised in this filing, via videoconference, on March 24, 2025.[7]

5

6   DATED: July 2, 2025                    _/s/ Ben Suter_____

7                                          Ben Suter
                                           **KEESAL, YOUNG & LOGAN**
8
                                           Philip J. Mackey
9                                              (*pro hac vice forthcoming*)
                                           Michael L. Jente
10                                             (*pro hac vice forthcoming*)
                                           **LEWIS RICE LLC**
11
                                           *Attorneys for Defendant*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [7] When counsel met and conferred via videoconference on March 24, 2025,
     they did so regarding the same issues that BABW raises herein and raised in its
27   Motion to Dismiss the original Complaint.

28                                          -28-