```
 1   BEN SUTER, CASB No. 107680
     ben.suter@kyl.com
 2   KEESAL, YOUNG & LOGAN
     A Professional Corporation
 3   578 Jackson Street
     San Francisco, California 94133
 4   Telephone: (415) 398-6000
     Facsimile:  (415) 981-0136
 5
 6   PHILIP J. MACKEY (Pro Hac Vice Forthcoming)
     pmackey@lewisrice.com
 7   MICHAEL L. JENTE (Pro Hac Vice Forthcoming)
     mjente@lewisrice.com
 8   LEWIS RICE LLC
     600 Washington Avenue, Suite 2500
 9   St. Louis, Missouri 63101
     (314) 444-1343 (telephone)
10   (314) 612-1343 (facsimile)
11
12   Attorneys for Defendant
     BUILD-A-BEAR WORKSHOP, INC.
13
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON PEREZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>        Defendant. | Case No. 3:24-CV-02268-AGS-BJW<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing date & time: January 23, 2026 at 10:00 a.m.<br><br>District Judge Andrew G. Schopler<br><br>Magistrate Judge Brian J. White |

**PLEASE TAKE NOTICE THAT** on January 23, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Southern District of California, located at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California 92101, Courtroom 5C, before the Honorable Andrew G. Schopler, Defendant Build-A-Bear Workshop, Inc. will, and hereby does, move to dismiss the "Second Amended Complaint – Class Action" (Dkt. 34) of Plaintiff Cameron Perez, individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion and accompanying Memorandum of Points and Authorities, the Request for Judicial Notice In Support of Build-A-Bear Workshop, Inc.'s Motion to Dismiss and exhibits thereto, the pleadings, records, and papers on file in this action, and other such written and oral arguments as may be presented to the Court.

DATED: December 1, 2025

/s/ Ben Suter
Ben Suter
**KEESAL, YOUNG & LOGAN**

Philip J. Mackey
    (*pro hac vice forthcoming*)
Michael L. Jente
    (*pro hac vice forthcoming*)
**LEWIS RICE LLC**

*Attorneys for Defendant*

BEN SUTER, CASB No. 107680
ben.suter@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
578 Jackson Street
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile:  (415) 981-0136

PHILIP J. MACKEY (Pro Hac Vice Forthcoming)
pmackey@lewisrice.com
MICHAEL L. JENTE (Pro Hac Vice Forthcoming)
mjente@lewisrice.com
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-1343 (telephone)
(314) 612-1343 (facsimile)

Attorneys for Defendant
BUILD-A-BEAR WORKSHOP, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant. | Case No. 3:24-CV-02268-AGS-BJW<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing date & time: January 23, 2026 at 10:00 a.m.<br><br>District Judge Andrew G. Schopler<br><br>Magistrate Judge Daniel E. Butcher |

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 6

II.   BACKGROUND ........................................................................................... 6

III.  ARGUMENT ................................................................................................. 8

    A.   Standard of Review ............................................................................ 8

    B.   Plaintiff's Breach of Contract Claim Should Be Dismissed Because it Fails to Allege a Specific Contractual Term Was Breached ............................................................................................. 9

    C.   Plaintiff's Breach of Contract Claim Should Be Dismissed Because He Failed to Provide Pre-Suit Notice. ........................... 11

IV.   CONCLUSION ........................................................................................... 12

-4-

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION,   Case No. 3:24-CV-02268-AGS-BJW
MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
KYL4922-2580-3133.1

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................... 9

*Brazil v. Dell Inc.*, 2010 WL 5258060 (N.D. Dec. 21, 2010) ....................... 11

*Coffen v. Home Depot U.S.A., Inc.*, 2016 WL 4719273 (N.D. Cal. Sept. 9, 2016) .................................................................................................. 9

*Evans v. DSW, Inc.*, 2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) ........... 11

*Futrell v. Lowe's*, 2022 WL 292961 (E.D. Mo. Feb. 1, 2022) ...................... 9

*Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010) ............................... 7, 10

*McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022 (S.D. Cal. Aug. 17, 2018) ................................................................................................ 11

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) .... 9

*Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, 2022 WL 17222233 (C.D. Cal. Aug. 12, 2022) ................................................................. 8

**Statutes**

Cal. Com. Code § 2607 ................................................................................ 11

California Consumer Legal Remedies Act, Cal Civ. Code §§ 1750 ............. 7

California Unfair Competition Law, Bus. Prof. Code §§ 17200 .................. 7

California's False Advertising Law (Section 17501) .................................... 7

**Rules**

Federal Rule of Civil Procedure 12 .......................................................... 2, 8

-5-

BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
Case No. 3:24-CV-02268-AGS-BJW
KYL4922-2580-3133.1

## I. INTRODUCTION

After the Court dismissed the entirety of his First Amended Complaint, Plaintiff Cameron Perez ("Plaintiff") now attempts to again allege, in materially the same manner as before, that Defendant Build-A-Bear Workshop, Inc. ("BABW") breached an unspecified "contract" by selling products for a stated price. As before, Plaintiff's contentions are without merit, and his Second Amended Complaint fails to correct the deficiencies identified in the Court's ruling dismissing his previous claims, including his breach of contract claim. Plaintiff still does not and cannot allege that a contractual term was breached, as a matter of law. Moreover, Plaintiff's Second Amended Complaint should be dismissed for the additional and independent reason that Plaintiff failed to satisfy the statutory pre-suit notice requirement. This action should be dismissed, with prejudice.

## II. BACKGROUND

Plaintiff alleges that in June 2024, while on BABW's website, he viewed a three-piece Los Angeles Kings uniform that displayed a "reference price of $18," and a sale price of $13.50. (Dkt. 34, ¶¶ 52-54.) Plaintiff alleges that "[a]fter seeing the reference price of $18," he purchased the product for the sale price of $13.50 "because [he] believed he was receiving a significant discount on the product." (*Id*., ¶ 54) After completing his purchase for the stated price of $13.50, Plaintiff received the Los Angeles Kings uniform he ordered. (*Id*., ¶ 17.)

Plaintiff contends that he was "intentionally deceived" because the Los Angeles Kings outfit is "rarely, if ever, offered . . . at the 'regular' reference price[]," and was not offered for sale by BABW at the reference price "at any time in the 90 days" prior to his purchase. (*Id*., ¶ 56.) Plaintiff concludes that the "actual value" of the Los Angeles Kings uniform he purchased "did not match the inflated reference price Plaintiff was led to believe was the true value of the uniform." (*Id*.)

Based on the foregoing allegations, Plaintiff's initial Complaint and First Amended Complaint asserted the following claims: (1) common law fraud; (2) negligent misrepresentation; (3) breach of contract; (4) unjust enrichment; (5) violations of the California Consumer Legal Remedies Act, Cal Civ. Code §§ 1750, *et seq.*; (6) violations of Section 17501, *et seq.*, of California's False Advertising Law (Section 17501); (7) violations of Section 17500 , *et seq.*, of California's False Advertising Law; and (8) violations of the California Unfair Competition Law, Bus. Prof. Code §§ 17200, *et seq*. (Dkt. 1; Dkt. 18.)

BABW moved to dismiss all of these claims for failure to state a claim upon which relief can be granted, and on September 18, 2025, the Court granted the motion. (Dkt. 31.) All claims were dismissed with prejudice, except for Count III (breach of contract), which was dismissed with leave to amend. (*Id.*) With respect to Count III, the Court concluded that "the dispositive issue" was whether Plaintiff alleged that "contractual terms were breached." (Dkt. 33 at 11:23-25.) In this regard, the Court adopted the reasoning of *Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010), and dismissed Plaintiff's breach of contract claim (with leave to amend) because, according to this Court:

> [T]here's no way to interpret the sales interaction here as including a promise to a discount to an undisclosed and unknown price rather than a discount from the stated reference price, which Build-A-Bear delivered on.

(Dkt. 33, 14:19-25.)

Thereafter, Plaintiff filed his Second Amended Complaint containing a single breach of contract claim, which Plaintiff purports to bring on behalf of himself and a class of similarly situated persons. Plaintiff's revisions in the Second Amended Complaint are neither substantial nor material. Specifically, Plaintiff added two sentences to his breach of contract claim: (i) that the "terms of the contract included Defendant's representation that the reference price listed is that which it sold the product to the public and represented the true value of the

-7-

item"; and (ii) that "Defendant breached the contracts with Plaintiff and the members of the Class by falsely representing the true and correct reference price for the items." (Dkt. 34, ¶¶ 81, 87.)

Plaintiff's "new" allegations differ only in form from the allegations he asserted in the First Amended Complaint in connection with his breach of contract claim. In his First Amended Complaint, Plaintiff alleged that "[t]he terms of Defendant's offer provided that Defendant would sell Plaintiff and the members of the Class products that have a market value equal to the reference prices displayed" and BABW breached the purported contract "by failing to provide products that had a market value equal to the reference price displayed, and by failing to provide the promised discount." (Dkt. 18, ¶¶ 104, 109; *see also* Dkt. 34, ¶¶ 80, 86.) Plaintiff now alleges the purported contract also included a term that BABW would sell Plaintiff the product at the "true" (in addition to market) value, and that BABW failed to do so. (Dkt. 34, ¶¶ 81, 87.) Plaintiff's wordsmithing does not change the fact that there is no way to interpret the alleged contract "as including a promise to a discount to an undisclosed and unknown price"—be it the "true" or "market" value price—"rather than a discount from the stated reference price[.]" (Dkt. 33, 14:19-23.) Plaintiff's breach of contract claim still fails to state a claim, and thus the Second Amended Complaint should be dismissed with prejudice.

### III. ARGUMENT

#### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in a complaint." *Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, 2022 WL 17222233, at *1 (C.D. Cal. Aug. 12, 2022). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

-8-

*Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth sufficient factual allegations "to raise a right to relief above the speculative level." *Id*.

### B. Plaintiff's Breach of Contract Claim Should Be Dismissed Because it Fails to Allege a Specific Contractual Term Was Breached.

Plaintiff's breach of contract claim should be dismissed because Plaintiff does not and cannot allege that a specific contractual term was breached. To adequately allege a breach of contract, a plaintiff must identify, among other things, "what specific terms of the contract were breached." *Coffen v. Home Depot U.S.A., Inc.*, 2016 WL 4719273, at *5 (N.D. Cal. Sept. 9, 2016); *see also Futrell v. Lowe's*, 2022 WL 292961, at *2 (E.D. Mo. Feb. 1, 2022) (dismissing contract claim where plaintiff "fail[ed] to specify which obligations Defendant breached").

Plaintiff claims that BABW breached the parties' contract by "failing to provide products that had a market value equal to the reference price displayed, . . . by failing to provide the promised discount[,] . . . [and] by falsely representing the true and correct reference price for the items." (Dkt. 34, ¶¶ 86-87.) But nowhere does Plaintiff allege that BABW made any promise to sell the products at "market" or "true" value or that such a contractual term exists. Rather, Plaintiff merely alleges that: (i) BABW included a reference price on its website ($18.00); (ii) offered the product for sale at the lower price of $13.50; and (iii) Plaintiff and the putative class purchased the products at the lower price ($13.50).

As this Court correctly concluded, the Seventh Circuit's decision in *Kim v. Carter's, Inc.*, is persuasive. There, similar to here, Carter's price tags listed a

"suggested price." 598 F.3d 362, 363 (7th Cir. 2010). Carter's routinely displayed signs in its stores that advertised percentage discounts off the "suggested prices," and at the register, customers were charged the suggested price less the advertised discount in exchange for the product. *Id*. The plaintiffs in *Kim*, like Plaintiff here, argued that the "suggested prices" were fake in that they were substantially higher than what Carter's actually sold the products for on a regular basis, and that the plaintiffs were thus led to believe they were paying 30% less than what other consumers normally paid when they were, instead, just paying the regular price. *Id*. at 364.

The Seventh Circuit unequivocally rejected the plaintiffs' breach of contract claim based on those facts, reasoning that the only reasonable interpretation of the "everyday sales contract" was that "the parties intended to complete a sale in accordance with the plain terms of Carter's advertising—a T-shirt for 30% off the $16.00 'Carter's Suggested Price' displayed on the price tag." *Id*. at 364. Even more succinctly, the Seventh Circuit explained: "The plaintiffs selected the clothing and offered to purchase it at the advertised price, at which point Carter's accepted by taking the plaintiffs' money in exchange for possession of the clothing." *Id*.

That is precisely the case here. BABW offered to sell Plaintiff the outfit for the stated price of $13.50 (rather than the reference price of $18.00), and Plaintiff purchased the outfit for that stated price. (*See* Dkt. 34, ¶¶ 53, 55.) Plaintiff "selected the clothing and offered to purchase it at the advertised price, at which point [BABW] accepted by taking [Plaintiff]'s money in exchange for possession of the clothing." *Kim*, 598 F.3d at 364. "By charging this agreed price in exchange for ownership of the clothing, [BABW] gave [Plaintiff] the benefit of [his] bargain." *Id*.; *see also Brazil v. Dell Inc.*, 2010 WL 5258060, at *2 (N.D. Dec. 21, 2010) ("As in *Kim*, plaintiffs' allegations demonstrate that Dell fulfilled its

obligations under the contract described in the complaint. Each plaintiff ordered a specific computer that was offered by Dell for a specified price. Each paid the specified price, and each received the computer he wanted.").

This Court correctly dismissed Plaintiff's breach of contract claim asserted in the First Amended Complaint, and regardless of whether Plaintiff alleges the contractual obligation was to sell the product at the "market" and/or "true" value, the fact remains that "there's no way to interpret the sales interaction as including a promise to a discount to an undisclosed and unknown price rather than a discount from the stated reference price, which Build-A-Bear delivered on." (Dkt. 33, 14:19-23.) Plaintiff's breach of contract claim should be dismissed.

### C. Plaintiff's Breach of Contract Claim Should Be Dismissed Because He Failed to Provide Pre-Suit Notice.

Before bringing his breach of contract claim, Plaintiff was required to satisfy California's pre-suit notice requirement: "Where a tender has been accepted . . . The buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy[.]" Cal. Com. Code § 2607(3)(A). This provision applies to contract claims arising out of the sale of goods. *Evans v. DSW, Inc.*, 2017 WL 7058232, at *4 (C.D. Cal. Sept. 14, 2017).

Plaintiff does not and cannot allege that he sent BABW pre-suit notice notifying BABW that it was in breach of a contractual obligation. Accordingly, for this additional reason, Plaintiff's breach of contract claim should be dismissed. *See Evans*, 2017 WL 7058232, at *4-5 (dismissing breach of contract claims based on allegedly deceptive advertising practices because plaintiff failed to provide pre-suit notice); *McMorrow v. Mondelez Int'l, Inc.*, 2018 WL 3956022, at *13 (S.D. Cal. Aug. 17, 2018) (dismissing breach of warranty claims pursuant to Section 2607(3)(A) where plaintiffs alleged they provided written notice of CLRA claims,

but not breach of warranty claims, and failed to provide details of the CLRA notice or a copy of the CLRA notice).

## IV. CONCLUSION

For the foregoing reasons, this matter should be dismissed in its entirety, with prejudice.

## CERTIFICATION OF MEET AND CONFER

Pursuant to Rule 5 of Judge Andrew G. Schopler's Civil Chambers Rules, the undersigned hereby certifies that counsel met and conferred over the issues raised in this filing, via videoconference, on November 13, 2025.

DATED: December 1, 2025    */s/ Ben Suter*
Ben Suter
**KEESAL, YOUNG & LOGAN**

Philip J. Mackey
    (*pro hac vice forthcoming*)
Michael L. Jente
    (*pro hac vice forthcoming*)
**LEWIS RICE LLC**

*Attorneys for Defendant*

I, Ben Suter, certify that on this 1st day of December 2025, I filed the foregoing Motion through the Court's ECF system, thereby serving all counsel of record with the foregoing.

DATED: December 1, 2025    */s/ Ben Suter*
Ben Suter